**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | **3:12-CV-00781 (VLB)** |
| | ) | |
| **REAL PROPERTY LOCATED AT 229** | ) | |
| **POTTER ROAD, NORTH** | ) | |
| **KINGSTOWN, RHODE ISLAND,** | ) | |
| **WITH ALL APPURTENANCES AND** | ) | |
| **IMPORVEMENTS THEREON,** | ) | |
| | ) | |
| **Defendant.** | ) | **FEBRUARY 24, 2015** |
| | ) | |
| **[CLAIMAINTS: AMZ CONSULTING,** | ) | |
| **INC., GARY F. ANUSAVICE and** | ) | |
| **LAURA A. ANUSAVICE]** | ) | |

## MEMORANDUM OF DECISION GRANTING PLAINTIFF'S MOTION TO STRIKE THE CLAIM AND ANSWER OF LAURA ANUSAVICE AND IN THE ALTERNATIVE SUMMARY JUDGMENT AND FOR AN ORDER OF FORFEITURE [Dkt. 33]

## INTRODUCTION

The plaintiff, the United States of America ("plaintiff" or "United States"), brings this action in rem to enforce the provision of 18 U.S.C. § 981(a)(1)(C) for the forfeiture of real property located at 229 Potter Road, Kingstown, Rhode Island, 02852 (the "defendant property"). Plaintiff alleges that the defendant property constitutes or is derived from proceeds traceable to an offense, or a conspiracy to commit an offence, constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7)(F). In this case the specified unlawful activity is a federal health care offense in violation of 18 U.S.C. § 1347.

In a related case, claimant Gary Anusavice plead guilty to one count of health care fraud in violation of 18 U.S.C. § 1347 and was sentenced to 97 months in prison.  *See* Judgment, *United States v. Gary Anusavice*, No. 3:12cr129 (D. Conn. Oct. 10, 2013), ECF No. 86.

Before the court are plaintiff's motions: (1) to strike claimant Laura A. Anusavice's ("claimant") Answer to the Complaint or in the alternative for summary judgment, ECF No. 33; and (2) for forfeiture of the defendant property, ECF No. 34. For the reasons that follow, both of plaintiff's motions are GRANTED.

## I. PROCEDURAL BACKGROUND

On August 20, 2012 Ms. Anusavice filed a claim of interest in this action, in which she asserted that she had a claim in the defendant property because she had filed a lis pendens in the town records of North Kingstown, Rhode Island before this lawsuit was filed.  Claim of Interest at 1-2. Ms. Anusavice alleges that she filed the lis pendens to secure financial obligations owed to her pursuant to the Decree of Divorce entered in her divorce from Gary Anusavice, and seeks either dismissal of the action or $550,000 plus interest and costs. Claim of Interest at 2. Ms. Anusavice then filed an Answer to the Complaint in which she again requested that the Complaint be dismissed or that she be awarded the sum of $550,000 plus interest and costs. Answer at 6.

Gary Anusavice filed a claim in this action on August 23, 2012.  However, in a plea agreement filed June 3, 2013 in the related criminal matter, Gary Anusavice agreed that the defendant property was purchased with proceeds of his health care fraud scheme and that the defendant property is subject to forfeiture under

2

18 U.S.C. § 981(a)(1)(c).  Plea Agreement at 2-3, *United States v. Gary Anusavice*, No. 3:12cr129 (D. Conn. Oct. 10, 2013), ECF No. 61.  Gary Anusavice, AMZ Consulting, Inc., and the plaintiff filed a stipulated forfeiture agreement in this action on May 30, 2013 in which both Gary Anusavice and AMZ Consulting, Inc. agree to forfeit any interest in the defendant property.  ECF No. 30.

On May 13, 2014 the United States filed its motion to strike Laura Anusavice's Answer to the Complaint and her Claim, or in the alternative for summary judgment.  On June 13, 2014 the government filed a motion for forfeiture of the defendant property.  Ms. Anusavice has not responded to either motion.

## II. FACTS

The following facts are undisputed.[1]  Ms. Anusavice filed a lis pendens on the defendant property on March 29, 2012.  Pl. 56(a)(1) Statement ¶ 1.  The lis pendens states: "All person are hereby notified that the undersigned this day has filed or will file within seven (7) days thereafter in the Family Court in Kent County a complaint seeking to add AMZ Consulting to a Complaint for an absolute divorce from said Court and that the undersigned is the holder of interest in [the defendant property]." Pl. 56(a)(1) Statement ¶ 3.  Ms. Anusavice and Gary Anusavice entered into a Marital Settlement Agreement approximately two weeks later, on April 12, 2012.  Pl. 56(a)(1) Statement ¶ 4.  The marital settlement agreement includes a promise from Gary Anusavice to pay Ms. Anusavice certain

---

[1] Because the statements in plaintiff's Local Rule 56(a)(1) statement are supported by citations as required by Local Rule 56(a)(3), and because no Local Rule 56(a)(2) statement was filed, the evidence in plaintiff's Local Rule 56(a)(1) statement is deemed admitted pursuant to Local Rule 56(a)(1).

sums of money, and to give Ms. Anusavice a "Mortgage and Note" on the defendant property as security for this indebtedness.  Pl. 56(a)(1) Statement ¶ 5.  However, the "Mortgage and Note" on the defendant property were never signed by either Ms. Anusavice or Gary Anusavice, and was never recorded on the relevant land records.  Pl. 56(a)(1) Statement ¶¶ 6, 8.  Gary Anusavice was arrested in connection with his federal criminal prosecution on May 24, 2012, several weeks after the martial settlement agreement was signed.  *United States v. Gary Anusavice*, No. 3:12cr129 (D. Conn. May 24, 2012).

## III. STANDARD OF REVIEW

Pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, the United States may file at any time prior to trial a motion to strike a claim or answer on the grounds that the claimant lacks standing.  Fed. R. Civ. P. Supp. R. G(8)(c)(i)(B).  A motion to strike "may be presented as a motion for judgment on the pleadings or a motion to determine . . . by summary judgment whether claimant can carry the burden of establishing standing by a preponderance of the evidence." Fed. R. Civ. P. Supp. R. G(8)(c)(ii)(B).  "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim."  *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (citations omitted).

To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

4

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In applying that standard, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in plaintiff's favor, but does not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.*

In a civil forfeiture action, the United States bears the burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture.  18 U.S.C. § 983(c). Even if the United States establishes that the property is subject to forfeiture, an innocent owner's interest in the property may be protected. An innocent owner may make a claim on the property, but bears the burden of proving both that they have standing and that they are an innocent owner.

"In order to contest a governmental forfeiture action, claimants must have both standing under the statute or statutes governing their claims and standing under Article III of the Constitution as required for any action brought in federal court."  *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999) (citation omitted). "If the claimant lacks standing, the court lacks jurisdiction to consider her challenge of the forfeiture." *U.S. v. 74.05 Acres of Land*, 428 F. Supp. 2d 57, 61 (D. Conn 2006); *see also* Fed. R. Civ. P. Supp. R. G(8)(c)(ii) committee's note ("If a claim fails on its face to show facts that support claim standing, the claim can be dismissed by judgment on the pleadings.").  The claimant bears the burden of proof of establishing standing.  *See, e.g., Mercado v. U.S. Customs*

*Serv.*, 873 F.2d 641, 644 (2d Cir. 1989) (citation omitted).

Article III standing has three elements: (1) an injury in fact which is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of, in which the injury is fairly traceable to the challenged action and is not the result of the independent action of a third party not before the court; and (3) "it must be likely, as opposed to merely speculative, that the injury will be "'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (quotations and citations omitted). "Generally, what is required in order to establish standing of this kind in civil forfeiture actions is demonstration of an ownership or possessory interest in the seized or forfeited property." *United States v. PokerStars*, No. 11 Civ. 2564, 2012 U.S. Dist. LEXIS 66021, at *7 (S.D.N.Y. May 9, 2012) (citing *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 527 (2d Cir. 1999)).

A claimant also bears the burden of proving by a preponderance of the evidence that she is an "innocent owner" of the property, 18 U.S.C. § 983(d)(1), as defined by the statute in sections 983(d)(2)-(3). The term "owner" is defined in the forfeiture statute as "a person with an ownership interest in the specific property sought to be forfeited, including a . . . lien, mortgage, recorded security interest . . . ." 18 U.S.C. § 983(d)(6)(A). Explicitly excluded from the definition of "owner" are persons "with only a general unsecured interest." 18 U.S.C. § 983(d)(6)(B)(i); *see also DSI Assocs. LLC v. United States*, 496 F.3d 175, 184 (2d Cir. 2007) (noting that a general unsecured creditor lacks standing under the

forfeiture statute).  "Ownership interests are defined by the law of the State in which the interest arose."  *United States v. 74.05 Acres*, 428 F. Supp. 2d 57, 61 (D. Conn. 2006) (citing *United States v. 7725 United Ave.*, 294 F.3d 954, 956 (8th Cir. 2002)); *see also United States v. PokerStars*, No. 11 Civ. 2564, 2012 U.S. Dist. LEXIS 66021, at *7 (S.D.N.Y. May 9, 2012) ("Ownership and possessery interests are in turn defined by state law.") (citing *Ciambriello v. Cnty. Of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002)).

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the burden of proving that no factual issues exist.  *Vivenzio v. City of Syracuse,* 611 F.3d 98, 106 (2d Cir. 2010).  "In determining whether that burden has been met, the court is required to resolve all ambiguities and credit all factual inferences that could be drawn in favor of the party against whom summary judgment is sought."  *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).  "If there is any evidence in the record that could reasonably support a jury's verdict for the nonmoving party, summary judgment must be denied."  *Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH,* 446 F.3d 313, 315-16 (2d Cir. 2006) (internal quotation marks and citation omitted).

## IV. DISCUSSION

The United States has met its burden of proving by a preponderance of the evidence that the defendant property is subject to forfeiture.  Gary Anusavice

agreed in his plea agreement that the defendant property was purchased with the proceeds of his health care fraud scheme and is subject to forfeiture under 18 U.S>C. § 981(a)(1)(c).  Plea Agreement at 3-4, *United States v. Gary Anusavice*, No. 3:12cr129 (D. Conn. June 3, 2013), ECF No. 61.  Further, although the property is held in the name of AMZ Consulting, Gary Anusavice agreed in the Stipulation of Offense Conduct attached to his plea agreement that he is the "sole duly authorized corporate member, owner, shareholder, and/or trustee of AMZ Consulting" and is authorized to act on behalf of AMZ Consulting.  Plea Agreement at 16.

Plaintiff argues that Ms. Anusavice's claim and answer must be stricken because she failed to perfect her interest in the defendant property, and therefore claimant is not an "owner" as defined by section 983(d)(6) and lacks statutory standing.  The court agrees that Ms. Anusavice lacks statutory standing.

Ms. Anusavice's claim is based solely on the filing of a lis pendens.  Under Rhode Island law, a lis pendens does not create an ownership interest in property. The Rhode Island Supreme Court has "long rejected the proposition that notice of lis pendens is the equivalent of an attachment."  *George v. Oakhurst Realty, Inc.*, 414 A.2d 471, 474 (R.I. 1980). In Rhode Island, a "[l]is pendens . . . is not a lien but merely puts all prospective purchasers on notice that there is a suit pending involving an issue of title to the real property." *Id.*; *see also Montecalvo v. Mandarelli*, 682 A.2d 918, 925 (R.I. 1996) ("a lis pendens may not be used as a substitute for an attachment to collect an alleged

indebtedness."). Thus, Claimant's filing of the lis pendens does not result in any ownership interest in the defendant property.

Ms. Anusavice states in her answers to plaintiff's interrogatories that the Marital Settlement Agreement between her and Gary Anusavice was not merged into the final divorce decree, but was incorporated by reference. Pl. 56(a)(1) Statement, Ex. E ¶ 6.  In Rhode Island it is "well settled" that a marital settlement agreement that has been "incorporated by reference but not merged into the final divorce decree, regains the characteristics of a contract."  *Esposito v. Esposito*, 38 A.3d 1, 5 (R.I. 2012) (quotation and citation omitted).  Viewing the marital settlement as a contract, without the executed mortgage and note, the relevant provision is an unsecured promise to pay $550,000, and is thus unable to provide Ms. Anusavice a property interest sufficient to satisfy the statutory definition of "owner."

Although claimant has not filed any opposition to the motions before the court, claimant asserts in her responses to plaintiff's interrogatories that:

> [S]ince Gary [Anusavice] had agreed under oath to make the payments and sign the instruments, he could be forced to sign the documents in the event he didn't pay on time. . . . If the first installment wasn't paid, Gary would have been forced to sign the Note and Mortgage. If Gary didn't sign the instruments, the Family Court could have appointed a Trustee to sign the instruments for Gary.

Pl. 56(a)(1) Statement, Ex. E. ¶ 4(d). The Marital Settlement Agreement contains no provision requiring Gary Anusavice to sign the note and mortgage if he failed to make the required payments, nor any provision for the appointment of a Trustee to sign the instruments on behalf of Gary Anusavice.  In fact the Marital Settlement Agreement by its terms provides an explicit remedy for breach of the

9

agreement, which is that "the Wife or Husband may take all steps necessary to enforce the rights conferred upon her or him under the terms of this Agreement and to this end she or he shall have the right to employ counsel at the defaulting party's expense."  Pl. 56(a)(1) Statement, Ex. D at 10. There is nothing suggesting that breach by Gary Anusavice will automatically trigger execution and recording of the note and mortgage.  Plaintiff has failed to establish a property interest in the defendant property that satisfies the statutory definition of owner, and thus she lacks standing to bring a claim.  Plaintiff's motion to strike her claim and answer is granted. *Cf. United States v. Madoff*, No. 09 Cr. 213, 2012 U.S. Dist. LEXIS 48733, at *17 (S.D.N.Y. Apr. 3, 2012) (dismissing claimant's petition where claimant failed to perfect lien and was thus only a "general creditor" and could not assert a legal interest in the forfeited property).

Finally, even if the claimant had taken steps to enforce her rights under the Marital Settlement Agreement, the claimant has not shown that these steps vested in her an ownership interest in the property at issue.  On the contrary, it is undisputed that claimant failed to perfect an interest in the defendant property. Claimant admits in her responses to plaintiff's interrogatories that the mortgage and note contemplated by the Marital Settlement Agreement were never signed by either her or Gary Anusavice, and thus were was never a mortgage to record. Pl. 56(a)(1) Statement, Ex. E ¶ 4(e).  Therefore, the claimant has failed to meet her burden of establishing that she has a lien, mortgage, recorded security interest or any other ownership interest in the specific property sought to be forfeited.

<u>CONCLUSION</u>

For the foregoing reasons it is hereby ORDERED, ADJUDGED AND DECREED that the motion of the United States to strike the claim and answer of Laura Anusavice, or in the alternative, for summary judgment is GRANTED.

Dated this 24th day of February 2015 at Hartford, Connecticut

_____/s/_____
Vanessa L. Bryant
United States District Judge

11